RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0436P (6th Cir.)
File Name: 01a0436p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

ELENA HERRADA,
   *Plaintiff-Appellant,*

  *v.*      No. 00-2244

CITY OF DETROIT,
   *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-71570—George E. Woods, District Judge.

Argued: October 25, 2001

Decided and Filed: December 26, 2001

Before: BOGGS, GILMAN, and BRIGHT, Circuit Judges.[*]

———————————

## COUNSEL

**ARGUED:** Gregory D. Hanley, WASINGER, KICKHAM & HANLEY, Royal Oak, Michigan, for Appellant. Joanne D. Stafford, CITY OF DETROIT LAW DEPARTMENT, Detroit, Michigan, for Appellee. **ON BRIEF:** Stephen F.

———————————————————

[*] The Honorable Myron H. Bright, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Wasinger, Rita M. Lauer, WASINGER, KICKHAM & HANLEY, Royal Oak, Michigan, for Appellant. Joanne D. Stafford, CITY OF DETROIT LAW DEPARTMENT, Detroit, Michigan, for Appellee.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge.  Elena Herrada filed this suit on behalf of herself and other similarly situated individuals, alleging a violation of 42 U.S.C. § 1983 by the City of Detroit.  Herrada contends that the City's method of issuing citations for parking violations deprives motorists such as herself of procedural due process by virtue of the citations containing allegedly false statements that exaggerate the penalties for refusing to pay the fines.  After finding that the City's procedures did not deprive vehicle owners of their property without due process of law, the district court granted the City's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I.  BACKGROUND**

**A.  Factual background**

The City's police officers are authorized to place a "parking violation notice or citation" (citation) on any automobile found in a location that violates the City's parking laws. Detroit City Code § 55-2-22.  A citation constitutes "an allegation of a civil infraction" rather than a conclusive finding of guilt.  *Id.*  As such, the citations must specify the deadline for the automobile's owner to respond to the allegation before additional penalties apply, the method of responding, the location and hours of operation of the bureau or court in which a response would be proper, and the amount of the proposed fine.  *Id.*  The citations must also state that the City has the authority to take further actions if the owner does not respond within the prescribed time.  *Id.*

property interest in money paid for a parking violation. *See Seal v. Morgan*, 229 F.3d 567, 574 (6th Cir. 2000) (noting that "[t]he answer to the question of what process is due depends on appropriate accommodation of the competing interests involved") (internal quotation marks and citation omitted).  The requirements of procedural due process are therefore considerably greater in the context of guilty pleas than they are in the present civil proceeding.  Finally, as the district court noted, a guilty plea occurs after a formal charge has been issued, whereas a citation is only the allegation of a civil infraction.  These differences are sufficient to make Herrada's reliance on cases involving guilty pleas unavailing.

**III.  CONCLUSION**

For all the reasons set forth above, we **AFFIRM** the judgment of the district court.

notice that the potential disciplinary actions included a transfer to another school). In addition, Herrada has been unable to cite and we have been unable to locate any cases finding a due process violation based solely on the presence of false statements relating to the consequences of taking no action.

The distinction between false and misleading statements pertaining to the right to request a hearing or to appeal an adverse decision, as opposed to those relating to penalties for refusing to act, also highlights the problem with Herrada's contention that "an opportunity for a hearing is not 'meaningful' if the government's notice misleads citizens into foregoing such a hearing by falsely inducing them to pay the stated fines." Concern over the threatened consequences of refusing to pay fines would lead an individual to take action, either by paying the fine or by requesting a hearing. Paying the fine, therefore, is not the only available response to the allegedly false statements. Because the citation clearly states how to obtain a hearing, and both the citation and the overdue notice include telephone numbers to call for more information, the potential penalties, even if misleading, do not violate procedural due process.

Herrada's final argument attempts to draw an analogy between her case and the prohibition against the government inducing criminal defendants to plead guilty by making false statements that overstate the consequences of refusing to enter a guilty plea. The purported analogy, however, is unpersuasive for at least three reasons. First, a guilty plea is valid only if it is made "intelligently and voluntarily," because a plea "amounts to the waiver of the constitutional rights against self-incrimination, to trial by jury, and to confront one's accusers." *United States v. Layne*, 192 F.3d 556, 577 (6th Cir. 1999) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). Cases involving guilty pleas, accordingly, deal with constitutional rights other than the due process clause. Second, even if procedural due process were the basis for requiring intelligent and voluntary pleas, the interests at stake in criminal prosecutions are substantially greater than the

Pursuant to these requirements, the citations contain the address to which payments should be mailed and inform the recipient that he or she has 30 days in which to (1) admit responsibility and pay the fine, (2) admit responsibility with an explanation of why he or she should not be obligated to pay the fine, or (3) deny responsibility and request a hearing. Furthermore, the citations state that "[f]ailure to respond may cause a penalty to be added, court action taken or your vehicle booted and impounded," and that "[l]ate payment will cause penalties to be added to the original fine." The final paragraph of the citations provides the address and telephone number of the City's parking violations bureau, to which requests for additional information may be directed.

If the City determines that an individual has failed to respond to a citation, it issues an overdue notice to the registered owner of the automobile in question. The overdue notice provides payment instructions, including the address to which payments should be mailed or personally delivered, and states the following consequences of failing to respond: (1) a citation "will be filed in court," (2) the owner's driver's license "may be withheld," and (3) the owner's automobile "may be booted and towed."

Herrada contends that the threatened penalties for refusing to respond to citations and overdue notices are false and misleading. Although both the citation and the overdue notice refer to potential court action against the violator, she points out that the City has not filed any judicial actions for parking law offenses since 1996. Herrada also claims that, in contrast to the notices' representations, vehicles can be booted and towed only if they have six or more unanswered parking violations, and that the City has no authority to withhold a driver's license. According to Herrada, this erroneous information leads persons like herself to pay parking fines based upon a mistaken belief about the legal consequences of failing to respond. This deception, Herrada argues, results in a deprivation of property without due process of law.

## B.   Procedural background

Herrada brought this class action lawsuit in Michigan state court, seeking relief under 42 U.S.C. § 1983. After removing the action to federal court, the City filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The district court concluded that Herrada's complaint properly alleged the deprivation of a property interest, which it defined as "the right to keep monies subject only to rightful actions by the government that comport with due process."  In addressing whether this deprivation violated the Due Process Clause of the Fourteenth Amendment, the district court also assumed for the purposes of its analysis that the citations and overdue notices contained false information. It nonetheless concluded that the notices did not violate due process because Herrada was fully informed of her right to a hearing, and she voluntarily paid her fine without a hearing.  As a result, the district court granted the City's motion to dismiss.  This disposition eliminated the need for the district court to decide whether Herrada's lawsuit satisfied the requirements for a class action.

## II.  ANALYSIS

## A.   Standard of review

A district court's dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed de novo. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). When considering a motion to dismiss, "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of the factual allegations as true." *Id.* (citation omitted).  "A motion to dismiss under Rule 12(b)(6) should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Jackson*, 194 F.3d at 745 (noting that dismissal is proper only "if it is clear that no relief could be granted under any set of facts that

of the drastic consequences, including immediate deportation, of not making that request).  In the present case, any confusion or misunderstanding created by the threatened consequences of failing to respond relates solely to the penalties for taking no action.

This distinction rebuts Herrada's effort to draw support from Social Security Act cases where statements in the agency's denial notices raised uncertainty about the effect of failing to request a hearing to challenge the  determination. *See Day v. Shalala*, 23 F.3d 1052, 1065-66 (6th Cir. 1994) (holding that a notice that misled claimants by equating a new application with an appeal of the initial determination violated due process); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990) (concluding that a notice of denial of disability benefits failed to provide adequate notice because it did not clearly indicate that a determination becomes final if no request for reconsideration is made).

Herrada's reliance on *Covington v. Department of Health and Human Services*, 750 F.2d 937 (Fed. Cir. 1984), is similarly misplaced.  Although the Court of Appeals for the Federal Circuit stated that "[a] decision made with blinders on, based on misinformation or a lack of information, cannot be binding as a matter of fundamental fairness and due process," *id*. at 943 (internal quotation marks and citation omitted), the case before it involved a plaintiff who retired from his employment after receiving a reduction-in-force notice that failed to inform him that he would be forfeiting his right to appeal the reduction-in-force decision by retiring. *Id.* The misleading notice therefore affected the plaintiff's right to appeal an adverse decision, which is entitled to more protection than the right to be informed of possible penalties. *Cf. Betts v. Bd. of Educ.*, 466 F.2d 629, 633 (7th Cir. 1972) (holding that where a high  school student and the student's mother "received adequate notice of the charges, had sufficient opportunity to prepare for the meeting [with school personnel], were accorded an orderly hearing and were given a fair and impartial decision," no due process violation occurred even though the school failed to provide advance

§ 606(1)(b) (providing that local authorities can impound or immobilize vehicles "whose owner has failed to answer 6 or more parking violation notices or citations regarding illegal parking"). This leaves only the statement in the overdue notice that the citation "will be filed in court."

Even this latter statement is not necessarily false. Although Herrada alleges that the City has not filed any citations for parking violations with the designated court since 1996, and that the court therefore does not currently adjudicate the merits of parking violations, the City retains the legal authority to file the citations. Mich. Comp. Laws § 257.742(7) (providing that a citation may be filed in the court with jurisdiction over the location where the infraction occurred if a parking violation notice is issued and the vehicle owner does not admit responsibility or pay the fine). Equally important, a six-year statute of limitations governs the filing of citations for civil infractions such as parking violations. Mich. Comp. Laws § 757.741(1) (providing that a "civil infraction action" is a "civil action"); *id.* § 600.5813 (establishing a six-year statute of limitations for personal actions not governed by any other period); *id.* § 600.5821(3) (providing that the applicable statutes of limitation for personal actions apply to personal actions brought by or on behalf of the state). The City therefore still has time to file citations for alleged violations that occurred in 1996, when, according to Herrada, the last citations were filed. Finally, Herrada lacks standing to argue that hearings are not held despite requests by vehicle owners, because she elected to pay the fine rather than request a hearing.

The allegedly false and misleading statements, moreover, do not raise doubts about an owner's ability to contest the allegations in a hearing, or about the result of paying the fine and thereby waiving a hearing. *Cf. Walters v. Reno*, 145 F.3d 1032, 1042-43 (9th Cir. 1998) (holding that Immigration and Naturalization Service forms provided to aliens failed to satisfy due process notice requirements because they contained confusing and misleading information regarding the need to request a separate hearing, and failed to inform aliens

could be proved consistent with the allegations") (citation omitted).

## B.    Procedural due process claim

Herrada claims that the City's inclusion of false and misleading statements regarding potential penalties in the citations and overdue notices results in an unconstitutional deprivation of property without due process of law. The Fourteenth Amendment to the United States Constitution prohibits states from depriving citizens of "life, liberty, or property" without "due process of law." U.S. Const. amend. XIV. A two-step analysis guides our evaluation of procedural due process claims. We must first determine "whether there exists a liberty interest or property interest which has been interfered with by the defendants." *Jackson*, 194 F.3d at 749 (internal quotation marks and citation omitted). Second, if such a deprivation occurred, we must decide whether the procedures that accompanied the interference were constitutionally sufficient. *Buchanan*, 249 F.3d at 490.

### 1.    *Whether the City's actions deprived Herrada of a property interest*

According to Herrada, the property right at issue in this case is her right to retain possession of her money, subject only to lawful actions by the City that comport with due process. Herrada clearly has a property interest in her money. *See Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997) (concluding that prisoners have a property interest in their money).

Determining whether the City improperly interfered with or deprived her of this interest, however, presents a more difficult question. The City argues that because Herrada voluntarily paid her parking ticket, no government action interfered with her property interest. This position finds support, at least by way of analogy, in two decisions from the Tenth Circuit. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 770 (10th Cir. 2000) (holding that the defendant did not deprive the plaintiff of a property interest in his continued

employment because the plaintiff voluntarily resigned when he refused to report to work after being transferred to a new position); *Yearous v. Niobrara County Mem'l Hosp.*, 128 F.3d 1351, 1356 (10th Cir. 1997) ("If Plaintiffs resigned of their own free will, even as a result of Defendant's actions, then they voluntarily relinquished their property interests and, thus, Defendant did not deprive them of property without due process of law.").

The problem with the City's position is that Herrada contends that the City interfered with her property interest by making false and misleading statements in the citation and overdue notice she received. If these notices failed to comport with the requirements of procedural due process, the City arguably violated Herrada's rights, because she paid her fine only after receiving the notices. We must therefore determine whether the notices that she received were constitutionally sufficient.

### 2.    *Whether the City's actions failed to comport with the requirements of procedural due process*

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 13 (1978) (citation omitted). Although the citation and overdue notice might have contained false and misleading information regarding the penalties for failure to respond, the citation clearly states that a hearing is available to contest the City's allegation that the vehicle owner committed a parking violation. *See DePiero v. City of Macedonia*, 180 F.3d 770, 787-89 (6th Cir. 1999) (holding that although the parking citation that the plaintiff received did not indicate where and how to contest the allegation, the plaintiff was not deprived of procedural due process because he received a summons to appear in court via first class mail before he was deprived of

any liberty interest). Both the citation and the overdue notice also provide telephone numbers to call for more information.

The City's notices were therefore reasonably calculated to inform vehicle owners of the allegations against them and the procedures available to obtain a hearing to contest the allegations. *See McCahey v. L.P. Investors*, 774 F.2d 543, 550 (2d Cir. 1985) (holding that New York's "Notice to Judgment Debtors" satisfied due process by specifying that a procedure existed to adjudicate exemption claims and advising debtors to contact an attorney, even though the notice did not inform judgment debtors of the specific steps to be taken to test exemption claims); *cf. Memphis Light, Gas & Water Div.*, 436 U.S. at 14 (concluding that the utility company's notification procedure was constitutionally deficient because "while adequate to apprise [customers] of the threat of termination of service, [it] was not reasonably calculated to inform them of the availability of an opportunity to present their objections to their bills") (internal quotation marks and citation omitted).

Furthermore, we fail to see where the statements in the citation are either false or misleading. The citation provides that failing to respond "*may* cause a penalty to be added, court action taken or your vehicle booted and impounded." (Emphasis added.) Nothing in this language suggests that these penalties will be imposed in every instance. Instead, the possibility of these consequences indicates the maximum penalty, not the minimum.

The overdue notice similarly states that having one's driving license withheld or the offending vehicle booted are potential, not mandatory, penalties for failing to respond. Despite Herrada's argument to the contrary, the City has the authority to impose both of these penalties under appropriate circumstances. *See* Mich. Comp. Laws § 257.748 (providing that "[i]f the person to whom a citation is issued for a civil infraction fails to appear as directed by the citation or other notice, . . . the court shall enter a default judgment against that person and the person's license shall be suspended . . . ."); *id.*