Kay Angela HANIF, Muhammad Hanif, Angel Nicole Hanif, Hamid Hussain, Aamir Hussain, Abrar Hussain Hanif, and Adnan Hussain Hanif, Plaintiffs,

v.

DEPARTMENT OF HOMELAND SECURITY, U.S. Citizenship and Immigration Services, and District Director Carol Jennifer, Defendants.

No. 06–13641.

United States District Court, E.D. Michigan, Southern Division.

Jan. 16, 2007.

Herman S. Dhade, Steven M. Garmo, Garmo Assoc., Farmington Hills, MI, for Plaintiffs.

Steven P. Croley, U.S. Attorney's Office, Detroit, MI, for Defendants.

*OPINION AND ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STAY REMOVAL*

LAWSON, District Judge.

The plaintiffs in this case have filed suit challenging the revocation of approval of a petition by a citizen-spouse (plaintiff Kay Angela Hanif) to classify plaintiff Muhammad Hanif as the spouse of a United States citizen and permit him to remain in this country. The suit also contests the denial of a later-filed petition. The defendants have responded with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), alleging that the Court lacks jurisdiction to review the actions by the federal agencies. The plaintiffs have filed a motion to stay Muhammad Hanif's removal. The Court heard oral argument from the parties through their respective counsel in open court on January 8, 2007, and now finds that it has no jurisdiction to review the revocation of approval of the prior petition, and the latter petition is not ripe for review because an agency appeal is still pending at the administrative level. The complaint, therefore, will be dismissed and the motion to stay removal will be denied.

### I.

Sometime before December 2002, Kay Angela Hanif, a United States Citizen, obtained approval of a Form I–130, Petition for Alien Relative, designating Muhammad Hanif, a citizen of Pakistan, as her spouse, with the corresponding permission to remain in the United States. The approved I–130 had allowed Mr. Hanif to be classified as the spouse of a United States citizen under 8 U.S.C. § 1151(b)(2)(A)(I) of the Immigration and Nationality Act (INA). This was the second such petition she had filed.

On December 2, 2002, the United States Department of Homeland Security, Bureau of Customs and Immigration Service (CIS), notified Ms. Hanif that it intended to revoke its prior approval of her Form I–130. CIS planned to revoke Ms. Hanif's I–130 on the grounds that an agency investigation in April 2002 suggested she had entered into a marital relationship with Mr. Hanif for the purposes of evading the immigration laws. CIS expressed two concerns. First, the agency was not satisfied with the documents Mr. Hanif had provided establishing that he was divorced in his country of origin. Second, the agency's investigation revealed that Mr. and Ms. Hanif did not live in the same apartment but rather in adjacent apartments, each with his or her respective children, and that they held many individual but few joint assets. In its notice of intended revocation in December 2002, CIS invited Ms. Hanif to submit information to rebut the grounds for the agency's intended decision to revoke her I–130. Ms. Hanif replied by submitting materials on December 23, 2002. CIS was unpersuaded. On April 1, 2003, CIS therefore revoked its previous approval.

On July 11, 2003, Ms. Hanif submitted a new I–130 petition (her third), again on behalf of Mr. Hanif. CIS again invited Ms. Hanif to submit rebuttal evidence establishing the bona fides of her marriage to Mr. Hanif, if she had any new evidence since the agency's April 2002 investigation. Ms. Hanif submitted additional evidence, which addressed both the records of Mr. Hanif's earlier divorce and the bona fides of Mr. Hanif's remarriage to her. Again CIS was unpersuaded. With respect to the records of Mr. Hanif's earlier divorce, the agency refused to accept the form of evidence Ms. Hanif submitted. With respect to the bona fides of Ms. Hanif's marriage to Mr. Hanif, CIS focused on a new apartment lease Ms. Hanif submitted in rebuttal that listed only herself and her daughter as the occupants of the apartment, suggesting again that neither the

Hanifs nor their children from previous marriages lived together. In addition, two of Ms. Hanif's sisters—whom CIS contacted in May 2006 in response to affidavits Ms. Hanif submitted in rebuttal to CIS's intent to deny—did not know the names of any of Mr. Hanif's children. The agency therefore concluded that Ms. Hanif did not meet her burden to establish that Mr. Hanif's prior marriage was terminated, and his marriage to her was not entered into for purpose of gaining an immigration benefit. On May 30, 2006, CIS denied this new petition. The agency explained that it was denying her new I–130 for the same reasons it revoked her previous I–130.

CIS's decision denying Ms. Hanif's third I–130 is now on appeal before the Bureau of Immigration Appeals (BIA). Ms. Hanif filed a notice of appeal to the BIA on June 23, 2006 and a brief in support of that appeal on July 28, 2006.

Meanwhile, Mr. Hanif is subject to a final order of removal. On March 10, 2004, Mr. Hanif filed a petition seeking a writ of habeas corpus in this Court. The habeas petition alleged that he was denied due process in removal proceedings resulting from the denial of his application for adjustment of status, which was in turn premised on the relative application Ms. Hanif filed on his behalf. On June 20, 2005, this Court transferred that petition to the Court of Appeals pursuant to then-recent amendments to the INA. On July 5, 2006, the Sixth Circuit dismissed his appeal for lack of prosecution.

On August 15, 2006, Muhammad Hanif, his wife Kay Angela Hanif, and their children, Angel Nicole Hanif, Adnan Hussain Hanif, Abrar Hussain Hanif, Hamid Hussain, and Aamir Hussain, filed the present action challenging the revocation of the approval of Kay Angela's second I–130 petition and the denial of her third I–130 petition. The plaintiffs' complaint alleges that the denial of the petition is arbitrary and capricious in violation of the Administrative Procedures Act and violates the Fourteenth Amendment's Due Process Clause.

On August 31, 2006, the plaintiffs filed a motion to stay the removal of Muhammad Hanif, arguing that they are likely to prevail on the merits and irreparable harm will occur if the stay is not granted. The defendants have not responded to that motion. However, on October 13, 2006, the defendants filed a motion to dismiss arguing that this Court does not have jurisdiction to review the revocation of the second I–130 because the INA gives the agency complete discretion to make such decisions. The defendants contend that the Court has no jurisdiction to review the denial of the third I–130 petition because when Congress withdrew judicial review of discretionary decisions in 8 U.S.C. § 1252(a)(2)(B)(ii), it could not possibly have intended the Administrative Procedures Act to furnish an avenue for a rejected applicant to obtain judicial relief. The defendants argue in the alternative that the complaint does not state a claim upon which relief can be granted because the denial of the third I–130 petition is currently on appeal to the BIA and therefore is not a final decision. The plaintiffs filed a response on October 31, 2006 disputing the government's arguments.

## II.

■ The defendants argument that the Court does not have subject matter jurisdiction over the case invokes Federal Rule of Civil Procedure 12(b)(1). Lack of subject matter jurisdiction may be asserted at any time, either in a pleading or a motion. Fed.R.Civ.P. 12(b)(1); *Television Reception Corp. v. Dunbar*, 426 F.2d 174, 177 (6th Cir.1970). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to

survive the motion. *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.,* 287 F.3d 568, 573 (6th Cir.2002); *see also Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990).

 The defendants' argument that the complaint does not state a claim upon which relief may be granted is based on Federal Rule of Civil Procedure 12(b)(6). In considering such a motion, the allegations in the complaint are taken as true and are viewed favorably to the non-moving party. *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995); *Herrada v. City of Detroit,* 275 F.3d 553, 556 (6th Cir.2001). To survive a motion to dismiss, a complaint must contain "either direct or indirect allegations respecting all material elements to sustain a recovery under *some* viable legal theory." *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993). The Court may consider only whether the allegations contained in the complaint state a claim for which relief can be granted. *Roth Steel Prod. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983). The motion shall be granted only if "no set of facts in support of [the plaintiff's] claim [ ] would entitle [the plaintiff] to relief." *Broyde v. Gotham Tower, Inc.,* 13 F.3d 994, 996 (6th Cir.1994).

The Immigration and Nationality Act states that "any citizen of the United States claiming that an alien is entitled to ... an immediate relative status under section 1151(b)(2)(A)(I) of this title [including spouses] may file a petition with the Attorney General for such classification." 8 U.S.C. § 1154(a)(1)(A)(i). The statutory language requires the Attorney General to grant the petition if he is satisfied that the facts are true:

> After an investigation of the facts in each case ... the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 1151(b) of this title ... approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular officer concerned to grant the preference status.

8 U.S.C. § 1154(b). Once a petition has been approved, that approval may be revoked:

> The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date of approval of any such petition.

8 U.S.C. § 1155. This provision previously conferred the revocation authority upon the "Attorney General" rather than the "Secretary of Homeland Security." The language was changed in December 2004 by the Intelligence Reform and Terrorism Prevention Act of 2004, Pub.L. No. 108–458, § 5304(c), 118 Stat. 3638, 3736 (2004). *See Jilin Pharmaceutical USA, Inc. v. Chertoff,* 447 F.3d 196, 200 n. 6 (3d Cir.2006).

The defendants argue here—correctly—that Congress has stripped the courts of jurisdiction to review discretionary decisions of the Attorney General and the Secretary of Homeland Security under Title 8, Chapter 12, Subchapter II, which includes sections 1151 through 1381, encompassing the statutes governing I–130 petitions. The operative provision is section 1252(a)(2)(B)(ii), which states:

> (2) Matters not subject to judicial review

> . . . . .

> (B) Denials of discretionary relief
> Notwithstanding any other provision of law (statutory or nonstatutory), includ-

ing section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—

. . . . .

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii). Several courts have read this statute as purporting to withdraw from courts jurisdiction to review executive decisions under section 1155 to revoke I–130 petitions. *El–Khader v. Monica,* 366 F.3d 562, 567 (7th Cir. 2004); *Jilin Pharmaceutical,* 447 F.3d at 203.

The plaintiffs, however, point to a Ninth Circuit decision in which the court concluded that the language in section 1155, "may, at any time, for what he deems to be good and sufficient cause," did not give the Attorney General unfettered discretion, and therefore judicial review was allowed to ensure that permits are revoked only for "good and sufficient cause." *ANA International Inc. v. Way,* 393 F.3d 886, 891–94 (9th Cir.2004). The court reasoned:

It is clear that § 1252(a)(2)(B)(ii) immunizes certain discretionary decisions of the Attorney General from judicial review. It is equally clear that not every decision of the Attorney General that involves some element of discretion is automatically shielded from review by § 1252(a)(2)(B)(ii). In general terms, if a legal standard from an appropriate source governs the determination in question, that determination is reviewa-

ble for a clarification of that legal standard. In other words, acts immunized from review by § 1252 are matters of pure discretion, rather than discretion guided by legal standards.

*Id.* at 891 (internal quotes and citations omitted). The court found that the "good and sufficient cause" language created a legal standard that undid the immunity that section 1252(a)(2)(B)(ii) created.

In considering and rejecting that reasoning, the Third Circuit determined that section 1155 conferred pure administrative discretion upon the Secretary of Homeland Security for three reasons:

First, § 1155 states that the Secretary of Homeland Security (and, previously, the Attorney General) *may* revoke approval of a petition. . . . [S]uch language is indicative of administrative discretion for purposes of § 1252(a)(2)(B)(ii). . . . Second, § 1155 states that approval may be revoked "at any time." This too connotes a level of discretion. . . . Third, § 1155 permits revocation when the Secretary "deems" there to be good and sufficient cause. This language indicates that Congress committed to the Secretary's discretion the decision of when good and sufficient cause exists to revoke approval.

*Jilin Pharmaceutical,* 447 F.3d at 203.

■ This Court believes that the *Jilin* court's reasoning is more persuasive, it more accurately reflects Congressional intent, and it is more consistent with Sixth Circuit precedent. The Sixth Circuit has held in another context that the word "may" indicates a decision is discretionary. *Dorris v. Absher,* 179 F.3d 420, 429 (6th Cir.1999) (holding that courts have discretion to award damages under the provision of wiretap statute that uses the word "may" rather than "shall"). The Seventh Circuit has noted with respect to section 1155 petitions, "the discretionary nature of

the decision is apparent from the plain language of the statute." *El–Khader,* 366 F.3d at 567. This Court concludes, therefore, that it does not have jurisdiction to review the revocation of a previously-approved I–130 petition because courts do not have the authority to review any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security," 8 U.S.C. § 1252(a)(2)(B)(ii).

The plaintiffs pointed out at oral argument that section 1155 gives the Secretary of Homeland Security discretion to revoke petitions "approved *by him* under section 1154," 8 U.S.C. § 1155 (emphasis added), and section 1154 gives the Attorney General, not the Secretary of Homeland Security, the authority to approve petitions. However, the authority to approve or deny petitions appears to have been delegated to the Department of Homeland Security. *See* 8 C.F.R. § 103.1 (stating that "[d]elegations of authority to perform functions and exercise authorities under the immigration laws may be made by the Secretary of Homeland Security"). In addition, the regulations require petitions to be filed with the INS, 8 C.F.R. § 103.2 ("an application or petition should be filed with the INS office or Service Center"), which has been put under the authority of the Department of Homeland Security. 22 C.F.R. § 96.2. ("DHS means the Department of Homeland Security and encompasses the former Immigration and Naturalization Service (INS) or any successor entity."). The statutory realignment does not serve to undo the immunity from judicial review that Congress has created.

The Court finds, therefore, that it has no jurisdiction to review the revocation of Kay Angela Hanif's second I–130 petition.

■ As noted earlier, the defendants also insist that the Court has no jurisdic-

tion to review the denial of the third I–130 petition. A section of the Administrative Procedures Act explicitly states that it does not apply if a statute precludes judicial review:

> This chapter applies, according to the provisions thereof, except to the extent that—
>
> (1) statutes preclude judicial review; or
>
> (2) agency action is committed to agency discretion by law.

5 U.S.C. § 701(a). However, it appears that the Sixth Circuit does not share the government's view that review of an administrative denial of an I–130 petition under the APA is barred by the current immigration laws. In *Bangura v. Hansen,* 434 F.3d 487 (6th Cir.2006), the court considered an appeal from the district court's dismissal of several challenges to denials of multiple spousal immigration petitions. As to the APA claim, the court concluded:

> As the INA does not specifically provide for federal court review of denials of visa petitions, there is no other adequate remedy in court that would preclude APA review. *See generally,* 8 U.S.C. §§ 1151–1378 (not providing for appeals to district courts from denials of immediate relative visa petitions); 8 C.F.R. §§ 1–499 (same). Thus, Mrs. Bangura states a claim under the APA based on the INS's denial of Chisley's [I–130] petition, and the district court correctly dismissed all other APA claims.

*Id.* at 502.

■ However, although the Court has jurisdiction over the claim according to *Bangura,* it is not reviewable at this time because it is not a "final" agency decision. The following provision of the APA defines which agency decisions are reviewable by the courts:

> Agency action made reviewable by statute and final agency action for which

there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority. 5 U.S.C. § 704. "An agency action is not final if it is only 'the ruling of a subordinate official,' or 'tentative.'" *Franklin v. Massachusetts*, 505 U.S. 788, 797, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992). The Supreme Court applies a two-part test to determine whether an agency decision is final:

> As a general matter, two conditions must be satisfied for agency action to be "final": First, the action must mark the "consummation" of the agency's decisionmaking process, *Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113, 68 S.Ct. 431, 92 L.Ed. 568 (1948)—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow," *Port of Boston Marine Terminal Assn. v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71, 91 S.Ct. 203, 27 L.Ed.2d 203 (1970).

*Bennett v. Spear*, 520 U.S. 154, 177–78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997).

In this case, as in *Bangura*, the plaintiffs filed an appeal from the denial of the third I–130 petition with the Board of Immigration Appeals (BIA). "Where an intra-agency appeal is optional … the APA does not require a plaintiff to appeal prior to filing suit in federal court." *Bangura*, 434 F.3d at 498 (citing *Darby v. Cisneros*, 509 U.S. 137, 147, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993)). However, where an optional appeal has been taken, the "pending appeal renders the decision nonfinal." *Id.* at 500. Therefore, the denial of the spousal petition is not a final agency action because the plaintiffs appealed the decision. Regardless of whether the plaintiffs were required to appeal the decision, they have in fact done so. Judicial review under the APA is not presently available.

The plaintiffs' response notes that the Court has the authority to compel agency action that is unreasonably delayed. That may be true. *See* 5 U.S.C. § 706(1); *Intermodal Technologies, Inc. v. Mineta*, 413 F.Supp.2d 834 (E.D.Mich. 2006) (holding that in the absence of a statutory or regulatory timetable, an agency has an obligation to decide a matter within a reasonable time). However, the plaintiffs' complaint does not seek such relief. Even if it did, Ms. Hanif filed a notice of appeal to the BIA on June 23, 2006 and a brief in support of that appeal on July 28, 2006. It certainly cannot be said that a period of six months constitutes unreasonable delay in an immigration appeal to the BIA.

Finally, the plaintiffs argue that the removal should be stayed because they are likely to prevail on the merits and irreparable harm will occur if a stay is not granted. The defendants have not filed a response to the stay motion. This motion must be denied as moot because the Court concludes that the complaint must be dismissed.

### III.

The Court finds that it has no jurisdiction to review the revocation of plaintiff Kay Angela Hanif's second I–130 petition

to classify plaintiff Muhammad Hanif as the spouse of a United States citizen and permit him to remain in this country. The Court also concludes that although there is jurisdiction to review a final agency decision to deny the third I–130 petition, the plaintiffs have failed to state a claim upon which relief can be granted because an agency appeal is still pending at the administrative level with respect to that petition and there is no "final" agency decision.

Accordingly, it is **ORDERED** that the defendants' motion to dismiss [dkt # 8] is **GRANTED.**

It is further **ORDERED** that the complaint is **DISMISSED** without prejudice.

It is further **ORDERED** that the motion to stay removal [dkt # 4] is **DENIED.**