NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0197n.06

No. 09-3061

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
**Mar 29, 2010**
LEONARD GREEN, Clerk

KELLY MENDENHALL, Individually and as a Class Representative for all Persons Similarly Situated,

    Plaintiff-Appellant,

        v.

CITY OF AKRON; NESTOR TRAFFIC SYSTEMS, INC.,

    Defendants-Appellees,

AMERICAN TRAFFIC SOLUTIONS, INC.,

    Intervenor.

On Appeal from the United States District Court for the Northern District of Ohio at Akron

_____/

    **Before:**      **GUY, CLAY, and KETHLEDGE, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**    Plaintiff Kelly Mendenhall appeals from the entry of judgment against her, arguing (1) that the district court erred in rejecting her federal due process challenge to the city ordinance authorizing civil penalties for speeding violations captured by automated cameras; and (2) that the district court erred in denying her motion for remand to state court on the grounds that the removal was improper. We affirm.[1]

_____

[1]Plaintiff voluntarily dismissed with prejudice the individual defendants, all Akron City Council Members sued in their official capacities, leaving the City of Akron, Ohio, and Nestor Traffic Systems, Inc., as defendants. This court granted the motion of American Traffic Solutions, Inc., to intervene as a substitute party for Nestor Traffic Systems with respect to certain claims subject to an Asset Purchase Agreement.

Plaintiff received a civil citation under Akron City Code § 79.01, as the owner of a car that was recorded speeding in a school zone. Plaintiff, represented by her attorney-husband, exercised her right to have an administrative hearing, and succeeded in having the citation dismissed on the grounds that the speed-limit sign had been vandalized or was missing at the time that her car was photographed. No civil penalty was assessed.

The complaint, filed in December 2005, sought declaratory and injunctive relief invalidating the ordinance in its entirety as violative of both the federal and state constitutions. Defendants removed the action to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and plaintiff moved for remand on the grounds that declaratory judgment was a state law claim. As the district court observed, plaintiff's complaint alleged, *inter alia*, that the ordinance violated Due Process and Fifth Amendment rights guaranteed by the United States Constitution. Whether a claim arises under federal law is determined by examining the "well pleaded" allegations of the complaint and ignoring potential defenses. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Moreover, under the substantial-federal-question doctrine, there is jurisdiction where "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). We find that the district court did not err in denying the motion for remand.[2]

With respect to the merits, there is no quarrel concerning the facts, as the parties

---

[2]The plaintiff's home-rule challenge under the Ohio Constitution was rejected by the Ohio Supreme Court, after the question was certified for decision by the district court. *Mendenhall v. City of Akron*, 881 N.E.2d 255 (Ohio 2008).

entered into extensive stipulations and the due process claim at issue was resolved on the basis of competing motions for judgment on the record. As for the law, there is also no dispute that the district court accurately set forth the two-part test for determining whether the enforcement scheme is civil or criminal, *see Smith v. John Doe*, 538 U.S. 84, 92 (2003), including the seven factors to be considered under the second step to determine whether, notwithstanding the express intention to impose a nonpunitive civil scheme, the effects are so punitive as to negate that legislative intent, *see Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963). Notwithstanding plaintiff's reiteration of the arguments made in the district court, we find that the district court properly applied the law and ably articulated the reasons supporting the conclusion that this enforcement scheme is civil in nature. *Accord Kilper v. City of Arnold*, No. 08-cv-0267-TCM, 2009 WL 2208404 (E.D. Mo. Jul. 23, 2009).

Finally, plaintiff argues that even so, the ordinance did not provide constitutionally adequate due process when the competing interests of the government and the individual are balanced. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As the district court found, the ordinance provides for notice of the citation, an opportunity for a hearing, provision for a record of the hearing decision, and the right to appeal an adverse decision. We agree with the district court that the ordinance and its implementation, as detailed in the stipulations, satisfy due process, and reject plaintiff's assertion that it violates due process to impose civil penalties for speeding violations irrespective of whether the owner was, in fact, driving the vehicle when the violation was recorded. *See, e.g., Idris v. City of Chicago*, No. 06-C-6085, 2008 WL 182248 (N.D. Ill. Jan. 16, 2008), *aff'd*, 552 F.3d 564, 566-68 (7th Cir. 2009); *City*

*of Knoxville v. Brown*, 284 S.W.3d 330, 338-39 (Tenn. Ct. App. 2008); *Gardner v. City of Columbus*, 841 F.2d 1272, 1280 (6th Cir. 1988) (civil penalties for parking violations).

Accordingly, agreeing with the district court's well-reasoned opinion and finding that the issuance of a detailed written opinion would be duplicative and serve no useful purpose, we **AFFIRM** the entry of judgment in favor of defendants for the reasons set forth in the district court's opinion entered on December 19, 2008. *Mendenhall v. City of Akron*, No. 06-cv-139, 2008 WL 7484179 (N.D. Ohio Dec. 19, 2008) (unpublished).[3]

---

[3]Janice Sipes and two other plaintiffs brought a similar action that proceeded together with this case and was resolved in the same order, but no appeal was taken from the judgment entered against them. (No. 06-cv-154).

**CLAY, Circuit Judge, dissenting.** Akron's civil speed enforcement scheme violates

due process by failing to provide vehicle owners with an opportunity to avoid liability by

proving that they did not commit the infraction.[1] Therefore, I would invalidate the ordinance.

When the City of Akron sends the owner of an offending vehicle a notice of liability,

the owner has three options: (1) to pay the amount due; (2) to sign an affidavit that the cited

vehicle was leased or stolen; or (3) to exercise the right to an administrative appeal. The

registered owner of a vehicle is held civilly liable regardless of whether the owner was

driving at the time the vehicle was photographed exceeding the speed limit. An owner may

avoid liability on the basis that he or she was not the operator only if (1) the owner reported

the vehicle stolen before it was photographed, or (2) the owner had leased the vehicle to

someone else for six months or more. While the owner may request an administrative

hearing at which she can present witnesses, documents, or other evidence relating to the issue

of liability, the ordinance does not indicate that proof that the owner was not in fact driving

the vehicle at the time of the violation can provide a basis for avoiding liability at the

administrative hearing.

The Supreme Court has laid out a three-prong balancing test to determine whether a

state has provided adequate due process procedures in a civil case:

> First, the private interest that will be affected by the official action; second, the
> risk of an erroneous deprivation of such interest through the procedures used,
> and the probable value, if any, of additional or substitute procedural

---

[1]For purposes of this dissent, I assume without deciding that Plaintiff has standing to raise this claim. There does not appear to be a need to address the issue of whether Plaintiff has standing to bring this suit, inasmuch as the parties, the district court, and the majority opinion have not addressed the issue.

safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Matthews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 903, 47 L. Ed. 2d 18 (1976). Plaintiff's private interest at issue in this case is the deprivation of her money–the cost of the fine. *See Herrada v. City of Detroit*, 275 F.3d 553, 556 (6th Cir. 2001).

The Akron civil speeding enforcement system fails to satisfy this due process test. Under Section 79.01, Akron does not provide an owner with a mechanism to avoid an erroneous deprivation of her property interest by proving that she was not driving at the time the violation occurred. Rather, Akron holds a driver liable regardless of whether she was the person who committed the act in question. The ordinance does provide an accused owner with the right to an administrative appeal, at which the hearing officer must consider all testimony, documents or other evidence in determining liability and is not limited to whether the vehicle is leased or stolen. Specifically, Section 79.01 instructs the hearing officer to consider such issues as "whether the vehicle was speeding, if the vehicle was in the school zone when it was recorded and photographed, whether the time was correct, whether the school zone lights were flashing, [and] whether it was recorded during the restricted school zone hours." (Stip. Facts ¶ 53). Based on the face of the ordinance, it is clear that the type of evidence the hearing officer may consider when determining liability concerns whether a violation occurred in the owner's car, not whether the owner was the person who committed the violation. Thus, an owner may be held liable for someone else's actions.

To rectify this deficiency in process, all Akron would have to do is allow an owner to present evidence at an administrative hearing that she was not the driver and provide that such evidence, if credited, establishes a basis for the hearing administrator to make a finding of no liability. Since the ordinance already gives an accused violator a right to an administrative appeal, considering such evidence at the administrative hearing would protect the owner's private pecuniary interest from an erroneous deprivation without imposing any additional burdens on the government.

Therefore, I respectfully dissent.