CLAY, Circuit Judge,
dissenting.
Akron’s civil speed enforcement scheme violates due process by failing to provide vehicle owners with an opportunity to avoid liability by proving that they did not commit the infraction.[1] Therefore, I would invalidate the ordinance.
When the City of Akron sends the owner of an offending vehicle a notice of liability, the owner has three options: (1) to pay the amount due; (2) to sign an affidavit that the cited vehicle was leased or stolen; or (3) to exercise the right to an administrative appeal. The registered owner of a vehicle is held civilly liable regardless of whether the owner was driving at the time the vehicle was photographed exceeding the speed limit,. An owner may avoid liability on the basis that he or she was not the operator only if (1) the owner reported the vehicle stolen before it was photographed, or (2) the owner had leased the vehicle to someone else for six months or more. While the owner may request an administrative hearing at which she can present witnesses, documents, or other evidence relating to the issue of liability, the ordinance does not indicate that proof that the owner was not in fact driving the vehicle at the time of the violation can provide a basis for avoiding liability at the administrative hearing.
*601 The Supreme Court has laid out a three-prong balancing test to determine whether a state has provided adequate due process procedures in a civil case:
First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government’s interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). Plaintiffs private interest at issue in this case is the deprivation of her money — the cost of the fine. See Herrada v. City of Detroit, 275 F.3d 553, 556 (6th Cir.2001).
The Akron civil speeding enforcement system fails to satisfy this due process test. Under Section 79.01, Akron does not provide an owner with a mechanism to avoid an erroneous deprivation of her property interest by proving that she was not driving at the time the violation occurred. Rather, Akron holds a driver liable regardless of whether she was the person who committed the act in question. The ordinance does provide an accused owner with the right to an administrative appeal, at which the hearing officer must consider all testimony, documents or other evidence in determining liability and is not limited to whether the vehicle is leased or stolen. Specifically, Section 79.01 instructs the hearing officer to consider such issues as “whether the vehicle was speeding, if the vehicle was in the school zone when it was recorded and photographed, whether the time was correct, whether the school zone lights were flashing, [and] whether it was recorded during the restricted school zone hours.” (Stip. Facts ¶ 53). Based on the face of the ordinance, it is clear that the type of evidence the hearing officer may consider when determining liability concerns whether a violation occurred in the owner’s car, not whether the owner was the person who committed the violation. Thus, an owner may be held liable for someone else’s actions.
To rectify this deficiency in process, all Akron would have to do is allow an owner to present evidence at an administrative hearing that she was not the driver and provide that such evidence, if credited, establishes a basis for the hearing administrator to make a finding of no liability. Since the ordinance already gives an accused violator a right to an administrative appeal, considering such evidence at the administrative hearing would protect the owner’s private pecuniary interest from an erroneous deprivation without imposing any additional burdens on the government.
Therefore, I respectfully dissent.

. For purposes of this dissent, I assume without deciding that Plaintiff has standing to raise this claim. There does not appear to be a need to address the issue of whether Plaintiff has standing to bring this suit, inasmuch as the parties, the district court, and the majority opinion have not addressed the issue.