James J. PITTS, Plaintiff–Appellant,

v.

BOARD OF EDUCATION OF U.S.D. 305, SALINA, KANSAS, et al., Defendants–Appellees.

No. 87–2000.

United States Court of Appeals, Tenth Circuit.

March 7, 1989.

---

Robert D. Ochs (Gary L. Conwell with him, on the brief), of Ochs & Kelley, Topeka, Kan., for plaintiff-appellant.

Lawton M. Nuss of Clark, Mize & Linville, Salina, Kan., for defendants-appellees.

Before SEYMOUR and SETH, Circuit Judges, and SEAY,[*] District Judge.

SEYMOUR, Circuit Judge.

James J. Pitts brought suit under 42 U.S.C. § 1983 (1982) against the school board of Salina, Kansas, and a number of individuals, alleging that his property and liberty interests were violated when he was discharged from his position as a tenured teacher without due process. He also charged defendants with a conspiracy in violation of 42 U.S.C. § 1985(3). The district court dismissed the action on defendants' motion for summary judgment. We affirm.

At the time of the suit, Pitts was employed by Unified School District 305 as a gym teacher at Lincoln Junior High School in Salina. On April 26, 1984, three students complained to Vice Principal Don Heath that Pitts was intoxicated in the gym. An initial investigation by Heath indicated that Pitts was merely hung over from consuming alcohol the previous evening. Rumors of Pitts' condition became widespread in the school, however, and Assistant Superintendent of Schools William Mercer received a number of complaints from parents. As a result of the complaints, on the morning of the following day, a Friday, Mercer placed Pitts on suspension with pay for the rest of that day and the following Monday. Pitts was cleared in a formal hearing on Monday morning and returned to work the next day.

On November 21, 1984, the school board passed a resolution not to renew Pitts' contract for the 1985–1986 school year. The board cited a number of grounds, none of which are relevant to our decision. A resolution of intent not to renew is the first step in the lengthy process required by Kansas law for the dismissal of a tenured public school teacher. *See* Kan.Stat.Ann. §§ 72–5436 *et seq.* (1985). Under these provisions, a tenured teacher has the right, after the board's intent resolution but before termination, to a hearing before a special committee. The committee consists of one representative chosen by the school board, one representative chosen by the teacher, and a third chosen by the first two.

Pitts received notice of the board's decision as well as an outline of his procedural rights, and indicated a desire for a hearing. Both he and the board chose their representatives, who in turn picked a third member of the panel. In April 1985, before the hearing committee met, Pitts filed this lawsuit. The committee held a prehearing conference in Salina in May, which neither Pitts nor his counsel attended. By letter dated July 25, 1985, Pitts indicated he was formally waiving his right under Kansas law to the pretermination hearing. In September 1985, the board finalized its decision not to renew Pitts' contract.

█ Pitts first claims that the initial two-day suspension was a denial of property without due process. The district court correctly held that the suspension with pay did not invade any recognized property interest. While suspension of a public employee without pay may infringe upon a property right, *see Bailey v. Kirk,* 777 F.2d 567, 575 (10th Cir.1985), the two-day suspension *with* pay did not deprive Pitts of any measurable property interest. *See Taylor v. Nichols,* 409 F.Supp. 927, 935 (D.Kan.1976), *aff'd,* 558 F.2d 561 (10th Cir. 1977).

Plaintiff also contends that his eventual termination deprived him of property without due process, and that some of the grounds enumerated by the board deprived him of a liberty interest by stigmatizing him. The district court held that Pitts waived his due process rights by refusing

* Honorable Frank H. Seay, United States District Judge, Eastern District of Oklahoma, sitting by designation.

to take advantage of the numerous procedural rights he was afforded under Kansas law.

As this circuit has emphasized, "[c]ourts indulge every presumption against the waiver of fundamental constitutional rights." *United States v. Williamson*, 806 F.2d 216, 219 (10th Cir.1986). Despite the strong presumption against waiver, "[d]ue process rights may be waived.... Waiver depends upon the facts of a particular case, and is good only if it is done in an informed manner." *Johnson v. United States Dep't of Agriculture*, 734 F.2d 774, 784 (11th Cir.1984) (citations omitted).

█ Pitts was fully informed of his considerable procedural rights. Indeed, he initially asserted them. The procedures mandated by Kansas law clearly meet the requirements of the due process clause.[1] By knowingly failing to take advantage of those procedures, Pitts has waived his right to challenge them in federal court. *See Weinrauch v. Park City*, 751 F.2d 357, 360 (10th Cir.1984); *see also Riggins v. Board of Regents of the University of Nebraska*, 790 F.2d 707, 712 (8th Cir.1986); *Correa v. Nampa School Dist. No. 131*, 645 F.2d 814, 817 (9th Cir.1981); *Stewart v. Bailey*, 556 F.2d 281, 285–86 (5th Cir.1977).

Pitts argues at length in his brief that this holding requires him to exhaust his administrative remedies before proceeding to federal court, and that he should be exempt from any exhaustion requirement. He also spends a great deal of time arguing that the grounds for termination which the board listed are unsupportable and stigmatizing. Pitts misunderstands the nature of his federal claim, which is an assertion that he was denied due process. Federal courts do not sit to second guess state decisions on the merits of a discharge decision, but only to ensure that employees are provided due process when the decision is made. Thus, our holding here is not that Pitts must exhaust his claim before he has a federal cause of action; rather, unless state law fails to afford Pitts adequate process, he has no federal constitutional claim to begin with. By waiving his hearing, Pitts deprived the school board of the opportunity to provide him with due process, and he gave up his right to test the correctness of the board's decision.

█ Pitts also argues that defendants' actions constituted a conspiracy in violation of 42 U.S.C. § 1985(3). The district court correctly dismissed this claim because Pitts failed to allege any class-based animus behind the conspiracy. On appeal, Pitts asserts that the conspiracy was driven by an animus against the class of teachers. Teachers, however, are not a class of the type entitled to the protection of section 1985(3). *See Wilhelm v. Continental Title Co.*, 720 F.2d 1173, 1176 (10th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1601, 80 L.Ed.2d 131 (1984); *see also Brown v. Reardon*, 770 F.2d 896, 906–07 (10th Cir. 1985).

The judgment of the district court is affirmed.

---

**1.** The Kansas procedures require notice of the reasons for the nonrenewal, allow an opportunity to be heard before termination, and give the teacher a right to choose a member of the hearing committee. Kan.Stat.Ann. § 72–5438. In addition, the statute gives teachers the right to be represented by counsel, *id.* § 72–5439, to present and cross-examine witnesses, *id.*, and to subpoena witnesses, *id.* § 72–5440. If the hearing committee unanimously finds in the teacher's favor, the board is required to adopt its decision. *Id.* § 72–5443(b). If the committee is not unanimous, the board is required to consider the committee's decision, hear oral argument or receive written briefs, and decide whether the teacher should be renewed or terminated. *Id.*(c). The board's decision may be appealed to district court, *id.*, which may receive new evidence and reverse, vacate, or modify the board's decision. *Id.* § 60–2101(d).