77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert TENORIO, Plaintiff-Appellant,
v.
SANDOVAL COUNTY BOARD OF COMMISSIONERS, Debbie Hays, Bob
Schneider, Joe Lang, Patricia Thomas, Thomas E. Swisstack,
R.W. Johnson; Patrick Baca, in their individual capacities
and as agents of the County of Sandoval, Defendants-Appellees.
 No. 94-2250.
D.C. No. CIV 94-138-JC.
 United States Court of Appeals, Tenth Circuit.
 Feb. 21, 1996.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, COFFIN,[2] and McKAY, Circuit Judges.
 SEYMOUR, Chief Judge.
 
 
 1
 Robert Tenorio brought this action under 42 U.S.C.1983 alleging that defendants deprived him of liberty and property interests without due process in connection with the termination of his employment as Sandoval County Director of Detention. The district court granted summary judgment for defendants, ruling that Mr. Tenorio was not deprived of a liberty interest and that he had waived his right to procedural due process with respect to his property interest. Mr. Tenorio appeals and we affirm.
 
 
 2
 Mr. Tenorio left his managerial position during an investigation into alleged sexual misconduct by two jailers under his supervision. At a meeting to discuss the situation with the County Manager, Debbie Hays, Ms. Hays told Mr. Tenorio that she was putting him on administrative leave in order to conduct a managerial review of the Detention Center. The evidence is disputed as to whether Ms. Hays requested Mr. Tenorio's resignation or whether he stated he would rather resign than be placed on administrative leave because he believed being placed on leave would create the erroneous impression that he was involved in the misconduct. When word got out that Mr. Tenorio was leaving, he had another meeting with Ms. Hays which resulted in a memorandum of understanding, signed by Mr. Tenorio, stating that he had indeed resigned. Mr. Tenorio subsequently wrote Ms. Hays a letter on advice of counsel stating that he did not believe it would be in his best interests to resign. When defendants nonetheless announced that his resignation had been accepted, Mr. Tenorio's attorney sent a letter to Ms. Hays asserting that Mr. Tenorio considered his termination involuntary and asking Ms. Hays to issue notice to him as required by the Sandoval County Personnel Ordinance. Ms. Hays did not respond to this request and Mr. Tenorio did not pursue his administrative remedies further. The district court assumed for purposes of summary judgment that Mr. Tenorio was discharged involuntarily.
 
 
 3
 Mr. Tenorio alleges that the announcement of his termination and a newspaper article linking his resignation and the investigation was stigmatizing and required a due process hearing to clear his name. We disagree. We have carefully reviewed the record and, viewed most favorably to Mr. Tenorio, the circumstances at most created the impression that Mr. Tenorio had mismanaged the Detention Center. Charges of mismanagement do not rise to the stigmatization necessary to implicate a liberty interest. See Russillo v. Scarborough, 935 F.2d 1167, 1172 (10th Cir.1991). Accordingly, we affirm the district court's grant of summary judgment for defendants on this claim.
 
 
 4
 Mr. Tenorio also asserts that he was deprived of a property interest without procedural due process. The court held that the pretermination procedures provided Mr. Tenorio comported with Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985), and that Mr. Tenorio had waived his right to further procedures by failing to request them. We agree.
 
 
 5
 Although we indulge every presumption against the waiver of constitutional rights, due process rights may be waived by a knowing failure to assert them. See Pitts v. Board of Educ. of U.S.D. 305, 869 F.2d 555, 557 (10th Cir.1989). Mr. Tenorio knew the position of his employer, having had several meetings on the subject of administrative leave versus resignation. He was on notice when he signed a memorandum of understanding stating that he had resigned and that Ms. Hays accepted his resignation. Mr. Tenorio also viewed a memorandum which was later distributed to all employees announcing his accepted resignation. Mr. Tenorio availed himself of an opportunity to be heard during the meetings with Ms. Hays and thereafter when he asserted he did not wish to resign.
 
 
 6
 The County Personnel Ordinance required an employee with a grievance to first request an informal hearing from his supervisor. Because Mr. Tenorio had already participated in several informal meetings with Ms. Hays, this requirement was exhausted. Because he was not satisfied with Ms. Hays' resolution of his grievance, Mr. Tenorio was required by the ordinance to request in writing a formal hearing with the Personnel Director, see Aplt.App. at 196, 248, which he failed to do. He was not prevented by the county from receiving a review by the Personnel Director. See Sutton v. Cleveland Bd. of Educ., 958 F.2d 1339, 1349 (6th Cir.1992). Mr. Tenorio was aware of the ordinance requirement as evidenced by his attorney's letter to Ms. Hays. "The fact that plaintiff never requested a ... hearing does not alter the fact that he [had] the opportunity for one." Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1563 (10th Cir.1992). Under these circumstances we conclude that Mr. Tenorio waived his due process rights.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Frank M. Coffin, Senior Circuit Judge for the United States Court of Appeals for the First Circuit, sitting by designation