**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

J. MICHAEL MCGEE, M.D.,
an individual and a tenured faculty
member of the University of
Oklahoma Health Sciences Center,
at its Tulsa campus,

        Plaintiff - Appellant,

v.

DAVID L. BOREN, individually and
as state actor, policymaker and
co-conspirator; JOSEPH HARROZ,
JR., individually and as state actor,
policymaker and co-conspirator;
JOSEPH FERRETTI, sued as: Joseph
Ferretti, Ph.D., individually and as
state actor, policymaker and
co-conspirator; OKLAHOMA
UNIVERSITY BOARD OF
REGENTS, sued as: the University of
Oklahoma Board of Regents,
individually and as state actors,
policymakers and co-conspirators,

        Defendants - Appellees.

No. 02-5005
D.C. No. 01-CV-343-C
(N.D. Oklahoma)

**ORDER AND JUDGMENT** *

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR** , **PORFILIO** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

J. Michael McGee appeals from the district court's order granting the defendants' motion to dismiss his 42 U.S.C. § 1983 civil rights suit for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). We affirm.

We provide here only a brief summary of the facts alleged at great length in Dr. McGee's complaint and throughly summarized in the district court's order. Dr. McGee is the former Vice-Chairman of the Department of Surgery at the University of Oklahoma College of Medicine in Tulsa. He served as the Director of Research at the Department of Surgery from 1990 through 1999.

In 1997, the Food and Drug Administration (FDA) approved a study of a melanoma vaccine at the College of Medicine. Dr. McGee was the sponsor/investigator of the study. By the middle of December 1999, problems surfaced with regulatory compliance in the study. These problems eventually received national media attention.

-2-

Dr. McGee alleges that as the regulatory investigation unfolded, the defendants [1] took a series of increasingly harsh measures against him. In June 2000, they locked him out of his office and his files and charts were confiscated. On July 3, 2000, they removed him as vice-chair of the department of surgery, stripped him of his administrative duties, and decreased his pay. Finally, on July 19, 2000, he was informed that his tenure was to be abrogated.

Sometime thereafter, defendants prepared a complaint for abrogation of Dr. McGee's tenure. McGee filed an appeal from or response to the complaint, in accordance with the procedures provided in the Faculty Handbook. On December 7, 2000, defendants conducted an informal meeting with Dr. McGee. A formal hearing subsequently was scheduled before the Faculty Appeals Board (FAB).

Dr. McGee protested a number of the conditions established for the FAB hearing. When these protests were not resolved in his favor, he announced his intention not to attend, and he did not in fact attend the hearing. The University then abrogated his tenure, citing his failure to attend the FAB hearing.

Dr. McGee thereafter brought this suit against the defendants, contending they had denied him procedural and substantive due process in connection with

---

[1]     For simplicity's sake, we refer here to "the defendants" in the aggregate rather than discussing each defendant's asserted responsibility for each alleged act.

the abrogation of his tenure and other steps taken against him. The district court concluded that the defendants were entitled to qualified immunity, because Dr. McGee's complaint did not allege the violation of any constitutional right. It further concluded that Dr. McGee had abandoned his right to assert the denial of substantive due process and had waived his claim of procedural due process.

We review a dismissal under Rule 12(b)(6) de novo, applying the same standards as the district court. *County of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1034 (10th Cir. 2002). "[W]e accept as true all well-pleaded factual allegations in the amended complaint, and those allegations are viewed in the light most favorable to the nonmoving party." *Id.* (quotations omitted). A Rule 12(b)(6) dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1034-35 (quotation omitted).

Dr. McGee presents two main appellate challenges to the district court's order of dismissal. He argues, first, that the district court erred in granting the defendants qualified immunity. Second, he argues that the district court erred in holding that he waived his right to assert a due process claim by failing to attend the FAB hearing.

We have carefully reviewed the district court's order, the record, the briefs, and the applicable law in light of the standard of review set forth above. At times

in its decision, the district court made reference to factual "findings." These references appear inappropriate to a Rule 12(b)(6) disposition. Nevertheless, under our *de novo* standard of review, we have concluded that dismissal of Dr. McGee's claims is appropriate. Dr. McGee relinquished his right to raise his substantive due process assertions and waived his procedural due process claim with his decision not to attend the formal FAB hearing. Case law firmly establishes that failure to attend a deprivation hearing waives any claims a party might raise about the hearing's inadequacy. "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

> Federal courts do not sit to second guess state decisions on the merits of a discharge decision, but only to ensure that employees are provided due process when the decision is made . . . .[U]nless state law fails to afford [Dr. McGee] adequate process, he has no federal constitutional claim to begin with.

*Pitts v. Bd. of Educ.*, 869 F.2d 555, 557 (10th Cir. 1989). *See also Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984) (holding plaintiff's failure to avail self of post-deprivation hearings resulted in waiver of due process claim). By failing to attend the hearing, Dr. McGee "gave up his right to test the correctness of the [University's] decision." *Pitts*, 869 F.2d at 557. This waiver analysis applies

equally to his challenges to the pre-termination process, and to his liberty interest and Fifth Amendment claims.

Therefore, dismissal of Dr. McGee's claims is entirely appropriate and the judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge