*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2017 UT 67**

IN THE

SUPREME COURT OF THE STATE OF UTAH

TIMOTHY BIVENS, MICHELLE REED, and ANTHONY ARIAS,
*Appellants,*

*v.*

SALT LAKE CITY CORPORATION, MAYOR RALPH BECKER,
and SALT LAKE CITY COUNCIL,
*Appellees.*

No. 20150249
Filed September 26, 2017

On Direct Appeal

Third District, Salt Lake
The Honorable Robert P. Faust
No. 140904155

Attorneys:

R. Shane Johnson, Mark S. Schwarz, Bruce R. Baird,
Salt Lake City, for appellants

Margaret D. Plane, Salt Lake City, for appellees

JUSTICE HIMONAS authored the opinion of the Court in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE DURHAM, and JUSTICE PEARCE joined.

JUSTICE HIMONAS, opinion of the Court:

## INTRODUCTION

¶ 1    About six years ago, the tech revolution reached Salt
Lake City's parking meter infrastructure. In response, the City
switched from Industrial-era, coin-operated, single-space parking
meters (where each parking space had its own meter) to a
postindustrial system of multi-space, credit-card-ready parking

pay stations. But the City did not immediately update its code to reflect this change. Instead, until the middle of 2014, Salt Lake City Code defined a parking infraction by reference to the old meters:

> No person shall park any vehicle in any parking meter space . . . without immediately depositing in the parking meter contiguous to the space such lawful coin or coins of the United States as are required for such meter and designated by directions on the meter . . . .

SALT LAKE CITY CODE § 12.56.150(B) (2010) (amended 2014).

¶ 2   And it described a "parking meter" as a machine designed so

> that the deposit of a coin or coins will set the mechanism of the meter in motion . . . so that the meter will show the unexpired parking time applicable to the parking meter space contiguous to the meter, and the meter, when such parking time has expired, shall so indicate by a visible sign.

*Id.* § 12.56.150(A).

¶ 3   The plaintiffs in this putative class action lawsuit—Timothy Bivens, Anthony Arias, and Michelle Reed—all received parking tickets between 2011 and 2014, when the City had already installed pay stations but still defined parking infractions by reference to parking meters. But, with one exception, the plaintiffs did not challenge their parking tickets. Instead, they paid their fines. They then sued the City, alleging two claims. First, they alleged that the City unjustly enriched itself by fining them for failing to use a parking meter at a time when there were no longer any parking meters in Salt Lake City—only pay stations—but the City had not yet proscribed parking without paying at a pay station. Second, they alleged due process violations: (1) the City failed to give adequate notice of the procedures for challenging parking violations, (2) a provision of the City Code "requiring assessment of an attorney fee in enforcement actions conflict[s] with state law, and [is] thus unenforceable," and (3) the City created a quasi-judicial process—"hearing officers" located in the City's Finance Division—for challenging parking violations that the City Code did not authorize.

¶ 4 We conclude the plaintiffs have failed to state a claim that the City's notices violated due process. Although they contained misstatements that trouble us, they were sufficient to apprise the plaintiffs of both their right to challenge their parking tickets and their opportunity for a hearing on that challenge. And this holding is fatal to the plaintiffs' equitable enrichment claim as well as their due process challenge to the attorney fees assessment provision of the City Code. Because the plaintiffs had adequate notice of their right to challenge their parking tickets—including their right to argue that they had not committed any offense defined in the City Code—it was incumbent on them to pursue that challenge through the available procedures for contesting a parking ticket. But, with one exception, the allegations reflect that the plaintiffs did not exhaust their legal remedies before seeking to challenge their tickets through an equitable action.[1] Because of this, the plaintiffs have waived any challenge to the attorney fees provision, and they have also failed to state an equitable enrichment claim.

¶ 5 Accordingly, because the plaintiffs have failed to state any claims, we affirm the district court's dismissal of the plaintiffs' suit.

**BACKGROUND**

¶ 6 Because this is an appeal from dismissal under rule 12(b)(6) of the Utah Rules of Civil Procedure, we accept all of the plaintiffs' allegations as true and draw all reasonable inferences in their favor. *See Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 2, 243 P.3d 1275; *Brown v. Div. of Water Rights*, 2010 UT 14, ¶ 10, 228 P.3d 747.

¶ 7 Between 2011 and 2014, Timothy Bivens, Anthony Arias, and Michelle Reed all received tickets for failing to pay to park. Each of their parking tickets stated they owed a fine of $15. The tickets further stated this fine would increase if it was not timely paid: if the motorists waited until after ten days had elapsed, but

---

[1] The one exception is Mr. Bivens, who may have challenged one of his tickets by arguing that the ordinance did not proscribe parking without paying at a pay station. But Mr. Bivens won this challenge on unrelated grounds, and he did not challenge any of his other tickets.

paid within 11 to 20 days, they would owe $55; 21 to 30 days, $85; and 31 to 40 days, $125. The tickets also provided a phone number and email address to obtain additional information, and they, albeit somewhat misleadingly, explained how motorists could contest their tickets: "To discuss your Parking Notice, you must see the Hearing Officer in person within 10 calendar days from the date of this notice at the Salt Lake City & County Building at 451 South State Street, Room 145." (In fact, a motorist has twenty days to challenge a ticket, not just ten.)

¶ 8    Only two of the plaintiffs—Mr. Bivens and Ms. Reed— attempted to challenge a ticket. In keeping with the instructions on their tickets, they both contacted a hearing officer to discuss whether their ticket was valid. In each case, the hearing officer determined their challenge was meritless and provided them with a "Small Claims Court Information" document.

¶ 9    The Small Claims Court Information document stated that the next step in a challenge to a parking ticket was to appear in small claims court. It further stated that the small claims court judge would "only hear evidence regarding your parking/civil notice and related violation." By contrast, "[i]f your complaint is regarding a problem with the way an area is marked, whether or not you feel the ordinance is valid and should be changed or how you were treated by the issuing officer, the courtroom is not the proper place for those types of complaints and [they] will not be addressed by the judge." The Small Claims Court Information document warned that, in the event the judge found in favor of the City, the court might impose a filing fee and up to $175 of attorney fees. It also warned that "[a] judgment will appear on your credit report and will affect your credit rating for 8 years."

¶ 10 Like the tickets, the Small Claims Court Information document contained misstatements and omissions. Even though, at the time, parties had up to thirty days following entry of a small claims judgment to appeal, the document stated that "[e]ither party may appeal a small claims judgment within 10 days after the Notice of Entry of Judgment is received by the losing party." *See* UTAH CODE § 78A-8-106(1) (2015).[2] Both the

---

[2] The statute has since been amended. It now provides that "[e]ither party may appeal the judgment in a small claims action

(cont.)

tickets and the Small Claims Court Information document also failed to inform their recipients of their legal right to seek a hearing in justice court as an alternative to appearing before a hearing officer or as a defendant in small claims court.

¶ 11   Mr. Bivens and Ms. Reed pursued different courses of action after receiving the Small Claims Court Information document. According to the amended complaint, Ms. Reed "considered challenging the notice in small claims court, but ultimately opted against risking the additional expenses outlined in the Small Claims Court Information document." She "ultimately paid the notice 16 days after receiving it, and the City increased the fine amount to $55 in that time."

¶ 12   Mr. Bivens, by contrast, retained an attorney to challenge his ticket. According to the amended complaint, the attorney "challenged the validity of the ordinance, but the small claims case was decided in Bivens' favor on unrelated grounds." When Mr. Bivens received subsequent, additional parking tickets, he "opted to simply pay the fines for subsequent notices rather than invest significant additional time, risk incurring exorbitant costs if he should not prevail, and risk the possibility of having his vehicle towed or immobilized if he receive[d] an additional notice in the meantime."

¶ 13   Thus, with the exception of Mr. Bivens's one successful challenge, none of the plaintiffs in this lawsuit sought to avail themselves of the procedures outlined on their ticket and in the Small Claims Court Information document. Nonetheless, the plaintiffs have now filed a putative class action lawsuit, seeking to recoup all costs associated with parking violations between 2011 (when the rollover from parking meters to pay stations was completed) and 2014 (when the City Code was updated to reflect that change).

¶ 14   The plaintiffs' lawsuit centers on two related problems with the City's approach to parking violations during the putative class period. First, the plaintiffs allege an "unjust enrichment/equitable refund" count against the City. According

---

to the district court of the county by filing a notice of appeal in the original trial court within 28 days of entry of the judgment." UTAH CODE § 78A-8-106(1).

to the plaintiffs, between 2011 and 2014, the City continually fined motorists for failing to pay for parking at parking meters, even though the City had replaced all parking meters with pay stations. But, according to the plaintiffs, when the City replaced the parking meters with pay stations, parking without paying ceased to be an infraction. This is because until 2014, the City Code only required motorists to "immediately deposit[] in the parking meter contiguous to the [parking] space such lawful coin or coins of the United States as are required for such meter and designated by directions on the meter." SALT LAKE CITY CODE § 12.56.150(B) (2010) (amended 2014). It further defined a "parking meter" as a mechanical device that is "immediately contiguous to a parking meter space" and "indicates unexpired parking time for the adjacent parked vehicle." *Id.* § 12.56.140(A). And it described the parking meter as a machine designed so

> that the deposit of a coin or coins will set the mechanism of the meter in motion or permit the mechanism to be set in motion, so that the meter will show the unexpired parking time applicable to the parking meter space contiguous to the meter, and the meter, when such parking time has expired, shall so indicate by a visible sign.

*Id.* § 12.56.150(A).

¶ 15   According to the plaintiffs, while the old parking meters are covered by this definition, the new pay stations are not. The new pay stations are not "immediately contiguous to a parking meter space"; instead, they control multiple parking spaces per block. They also do not "indicate[] unexpired parking time for [any] adjacent parked vehicle[s]." Nor do they indicate when the time has expired. And they are not mechanical devices that are "set in motion" by the deposit of coins; instead, they are electrical pay stations.

¶ 16   In short, the City Code made it an infraction not to pay at a mechanical, single-space, coin-operated parking meter; once Salt Lake City replaced all of its mechanical, single-space coin-operated parking meters with electrical, multi-space pay stations that take credit cards, that infraction ceased to apply to any possible facts on the ground. While even the least astute observer could well infer that the pay stations were supposed to serve the same function as the parking meters they replaced—i.e., motorists

were supposed to pay for parking at the pay stations—the plaintiffs' theory is that this architectural obviousness is not enough. Instead, because failure to pay for parking at a pay station was not a Code infraction, the plaintiffs argue, the City's fines between 2011 and 2014 were unlawful.

¶ 17 Compounding the unjust-enrichment problem, according to the plaintiffs, was the City's failure to respect motorists' due process rights under the Utah Constitution. The plaintiffs allege that the combination of the City's parking tickets and Small Claims Court Information document operated to mislead motorists about:

- the available procedures for challenging parking tickets (tickets state only that motorists must see a "Hearing Officer" when in fact they also have the power to request a hearing in justice court);

- the full time period within which motorists may mount a challenge and appeal an adverse determination (tickets state that motorists must see a hearing officer within ten days, when in fact they have twenty days, and the Small Claims Court Information document states that motorists must file a notice of appeal from an adverse determination within ten days, when in fact they had thirty days);

- the circumstances under which late-penalty increases will be stayed (tickets state that penalties increase before the time within which a motorist may seek a hearing has elapsed, and they do not indicate that late-penalty increases are stayed once a hearing is requested);

- "the potential and actual consequences of contesting citations" (the Small Claims Court Information document emphasizes the risks of contesting a ticket in small claims court, stating that the City will be represented by the city prosecutor, that the Court may impose filing and attorney fees on a motorist who loses a challenge, and that a judgment may negatively affect a motorist's credit rating for eight years).

¶ 18   The plaintiffs also allege that the Small Claims Court Information document misleads motorists about the bases on which they may challenge their tickets, declaring that "[t]he judge will only hear evidence regarding your parking/civil notice and related violation" and that

> [i]f your complaint is regarding . . . whether or not you feel the ordinance is valid and should be changed . . . the courtroom is not the proper place for those types of complaints and will not be addressed by the judge.

¶ 19   Finally, the plaintiffs contend that the City has provided unlawful procedures for challenging parking tickets: the City Code requires "assessment of an attorney fee in enforcement actions [in] conflict with state law," and the City has located its Hearing Officers in the Finance Department, when they are supposed to be in justice court.

¶ 20   On behalf of themselves and members of a putative class, the plaintiffs sought a declaration that the City's parking fine scheme was unlawful and an injunction ordering a stop to enforcement of parking ordinances until the City updated its Code and fixed the notice problems with the tickets and Small Claims Court Information document. They also sought a refund of what they claimed was illicitly acquired parking ticket revenue, parking pay station revenue, and related collection costs, court filing fees, and attorney fees.

¶ 21   The City then moved to dismiss. Among other things, it argued that the plaintiffs' due process claim should be dismissed because the notice the plaintiffs received was constitutionally adequate. It also argued that the plaintiffs could not pursue an unjust enrichment claim because they had failed to pursue their available legal remedy—directly challenging their parking tickets—and, relatedly, that they could not challenge the underlying procedures for contesting their tickets because they had not sought to challenge those procedures before the hearing officer, justice court, or small claims court below.

¶ 22   After the district court granted the City's motion, the plaintiffs appealed. Utah Code section 78A-3-102(3)(j) gives us jurisdiction.

## ANALYSIS

¶ 23 We are concerned by the misstatements and omissions contained in the parking ticket and the Small Claims Court Information document. The parking ticket affirmatively misleads motorists about the timeframe for challenging a parking infraction, stating that motorists have ten days to appear before a hearing officer, when, in fact, the law gives them twenty days in which to challenge a ticket. For its part, the Small Claims Court Information document misleads by omission. It tells motorists who wish to challenge the hearing officer's determination that their recourse is to contest the ticket in small claims court. It does not inform them that they may seek a hearing in justice court to contest their ticket. Like the ticket, it is also misleading with respect to the timeframe for taking legal action—stating that a motorist has ten days in which to appeal when in fact litigants at the time in small claims court actions had thirty days in which to file a notice of appeal. *Supra* ¶ 10 & n.2.

¶ 24 Despite these misstatements and omissions, we are nonetheless constrained to affirm the district court's dismissal of the plaintiffs' lawsuit. As a matter of law, the plaintiffs allegations fail to support their claim that the parking ticket and Small Claims Court Information document's misstatements—concerning though they are—deprived them of constitutionally adequate notice. This is fatal to their lawsuit. Because the plaintiffs received constitutionally adequate notice, their failure to exercise their right to contest their tickets means that they have waived any due process challenge to any procedures that the City might have applied in those proceedings. Moreover, because the plaintiffs did not avail themselves of their legal right to challenge their parking tickets—other than in one instance where Mr. Bivens challenged his ticket and won—they may not bring an equitable action (including an unjust enrichment claim) to recoup the fines and costs they paid in connection with their parking violations.

### I. THE AMENDED COMPLAINT FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM FOR INADEQUATE NOTICE UNDER ARTICLE I, SECTION 7 OF THE UTAH CONSTITUTION

¶ 25 The plaintiffs' constitutional claims are asserted under the Utah Constitution. Article I, section 7 of our constitution provides that "[n]o person shall be deprived of life, liberty or

property, without due process of law." Central to our constitution's conception of due process of law is timely and adequate notice and an opportunity to be heard. *Nelson v. Jacobsen*, 669 P.2d 1207, 1211 (Utah 1983) ("Timely and adequate notice and an opportunity to be heard in a meaningful way are the very heart of procedural fairness."). But there are no hard-and-fast rules for what counts as constitutionally adequate notice. "Due process is not a technical conception with a fixed content unrelated to time, place, and circumstances." *Worrall v. Ogden City Fire Dep't*, 616 P.2d 598, 602 (Utah 1980). Instead, "[d]ue process is flexible and calls for the procedural protections that the given situation demands." *Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902, 911 (Utah 1993) (citation omitted).

¶ 26  At the heart of the plaintiffs' due process claim is the constitutional adequacy of the notice that the plaintiffs received. When we assess the adequacy of notice under the due process provision, the core question that we seek to answer is whether that notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jackson Constr. Co. v. Marrs*, 2004 UT 89, ¶ 10, 100 P.3d 1211 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." *Salt Lake City Corp. v. Jordan River Restoration Network*, 2012 UT 84, ¶ 53, 299 P.3d 990 (quoting *Mullane*, 339 U.S. at 314). In sum, "[a] plaintiff [is] entitled to have . . . essential information imparted to him." *McBride v. Utah State Bar*, 2010 UT 60, ¶ 17, 242 P.3d 769 (alterations in original) (citation omitted).

¶ 27  The parking ticket and Small Claims Court Information document are troublingly misleading. The parking ticket tells motorists that they have only ten days to set up an appointment with a hearing officer to "discuss" the propriety of their parking ticket, when in fact the City Code gives them twenty days to challenge their tickets. The parking ticket also fails to inform motorists that they may bypass the hearing officer process and, instead, challenge their tickets directly in justice court. And, according to the plaintiffs, it suggests both that late penalties compound at a more rapid rate than they in fact do and that

penalties continue to compound even as a motorist challenges his or her ticket. While we see more ambiguity than the plaintiffs do on some of these points, as we explain, we are still troubled by the extent to which the parking tickets are misleading.

¶ 28 A motorist who follows the instructions on a parking ticket, sets up a hearing, and loses before a hearing officer will then be given a Small Claims Court Information document. Based on the plaintiffs' pleadings, this document has its own set of problems. It implies that a motorist's only recourse from an adverse determination before a hearing officer is to contest the ticket in small claims court, when a motorist may also opt to challenge his or her parking ticket in justice court. It implies that a motorist must file a notice of appeal from small claims court within ten days of an adverse determination, when, at the time this suit was litigated, he or she had thirty days in which to file this document. And it emphasizes—in the plaintiffs' view, *unduly* emphasizes—some of the potential consequences of contesting a parking ticket in small claims court: high court costs, attorney fees, and a blow to one's credit score. It also states that motorists are limited in the legal grounds on which they may challenge their parking tickets:

> The judge will only hear evidence regarding your parking/civil notice and related violation . . . . If your complaint is regarding . . . whether or not you feel the ordinance is valid and should be changed . . . the courtroom is not the proper place for those types of complaints and will not be addressed by the judge.

¶ 29 As we have said, we are troubled by the misleading statements on the parking ticket and in the Small Claims Court Information document. We share the plaintiffs' concern that the City's notices may have the effect of inducing payment of parking fines irrespective of whether a motorist has a good-faith basis for contesting those fines. This is not in keeping with norms of good governance.

¶ 30 Despite our concerns, we nonetheless affirm the district court's dismissal of the plaintiffs' procedural due process claim. Not every failure of government rises to the level of a due process violation. As we have explained, the core question in any due process challenge to the adequacy of notice is not whether the

notice is a model of clarity and good governance, but whether it reasonably apprises the prospective litigant of the "essential information" she needs to assert her rights. *McBride*, 2010 UT 60, ¶ 17. This is not a question we answer in the abstract; instead, we ask whether the notice is "reasonably calculated, *under all the circumstances*, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jackson Constr. Co.*, 2004 UT 89, ¶ 10 (emphasis added). Under the circumstances alleged in the plaintiffs' complaint, both the parking ticket and the Small Claims Court Information document gave constitutionally adequate notice to the plaintiffs of their right to a hearing.

### *A. The Parking Ticket*

¶ 31 With respect to the parking ticket, the crux of the plaintiffs' complaint is that the ticket was misleading in three respects: (1) it erroneously told them they had ten calendar days to schedule a hearing to challenge their parking tickets—when in fact they had twenty days, (2) it misleadingly suggested late-penalties compound at a faster rate than they actually do, and (3) it failed to notify them of their right to seek a hearing in justice court instead of appearing before a hearing officer.

¶ 32 We agree that the statement that the plaintiffs have only ten calendar days to schedule a hearing was misleading. But to have violated the plaintiffs' due process right to notice, that misstatement must have misled them in such a way that they were effectively deprived of the opportunity for a hearing. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 13 (1978) (core due process purpose of notice is "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (quoting *Mullane*, 339 U.S. at 314)). Under the circumstances of this case, this misstatement does not rise to that level. This is because the plaintiffs' allegations do not reflect that they suffered prejudice as a result of only having ten days in which to challenge their parking tickets. Nowhere in the plaintiffs' complaint do they aver that they forewent their hearings because of the ten-day time limit. Disputing a parking ticket is typically a simple matter that requires virtually no factual investigation or development, and no plaintiff alleges that ten days was inadequate time to adequately prepare a litigation strategy. *Cf. Lindsey v. Normet*, 405 U.S. 56, 64–65 (1972)

(upholding landlord-tenant legal regime against challenge that it provides "an unduly short time for trial preparation"—no more than six days, absent the tenant's posting a bond—where factual and legal issues are simple and each party has "as much access to relevant facts" as the other). Nor do any of the plaintiffs allege that ten days was not enough time for them to arrange their affairs in such a way that they could appear and contest the ticket. We therefore cannot find a deprivation of due process based on the misleading statement that the plaintiffs had ten, instead of twenty, days to challenge their tickets.

¶ 33 The plaintiffs also suggest that, because the notice misleadingly implied late penalties compound at a faster rate than they otherwise do—and failed to notify plaintiffs of their right to ask for a stay of penalty increases pending resolution of a parking case—they were deterred from pursuing a hearing by the prospect of escalating fines. It is, of course, inappropriate to mislead motorists about the penalties associated with an infraction. But to the extent the notice did contain misleading information about penalties, those misleading statements do not rise to the level of a due process violation because they did not sow confusion about the plaintiffs' right to contest their parking tickets at a hearing.

¶ 34 First, while they were clearly misleading in other respects, we do not believe that the parking tickets contained obviously misleading information about the schedule of penalties. Instead, the structure of the parking ticket's text reflected that penalties would only increase in the event that a motorist both declined to timely pay and failed to take steps to challenge his or her ticket.[3]

---

[3] We note the plaintiffs have alleged that Ms. Reed was assessed a penalty when she paid her parking ticket fourteen days after receiving her ticket—even though she also challenged her ticket before the hearing officer. *Supra* ¶ 11. This suggests to us that the City may not have stayed the imposition of a penalty while Ms. Reed was engaged in the process of challenging her ticket. If true, this is not acceptable. *See* SALT LAKE CITY CODE § 2.75.030(E) (2010) (amended 2014) (All penalties "are stayed upon filing the request for hearing[] until judgment is rendered in
(cont.)

¶ 35 The back side of the parking ticket began with a prefatory clause stating that the vehicle had "been observed in violation of . . . the Salt Lake City Code." It explained that this violation subjected the motorist to "a civil penalty" and that "[f]ailure to pay the penalty *may* result in the filing of a SMALL CLAIMS COURT ACTION and increased penalties." (Emphasis added.) The parking ticket then laid out two options for motorists. First, they could pay: "[t]o satisfy the Parking Notice, send payment in the amount indicated on the front of this Parking Notice within ten (10) calendar days." The parking ticket reflected that if a motorist chose payment as an option, but failed to pay timely, "[p]enalties will increase as follows"—followed by the schedule of penalties of which the plaintiffs in this case complain. It further stated that "partial payment will not clear this notice."

¶ 36 The second option available to motorists was a "hearing[]." The parking ticket reflected that if a motorist chose this option, he or she "must see the Hearing Officer in person within 10 calendar days from the date of this notice." It then provided the telephone number to call for more information.

¶ 37 Read as a whole, therefore, the parking ticket did not obviously suggest that penalties would increase even if a motorist chose to pursue a hearing. The statement that penalties "will increase" fell under the "payment" option and therefore appeared only to cover motorists who chose to pay their parking fines but did not pay them timely. It did not cover motorists who chose a hearing.

¶ 38 Additionally, even if the parking tickets could have been written more clearly, our conclusion that its misstatements do not rise to the level of a due process violation is bolstered by the fact that the parking tickets provided the motorists with a number to call if they were confused or needed more information. That is, even if the parking tickets were ambiguous about the circumstances under which fees would increase, the plaintiffs were provided with a simple means of clarifying the meaning of the parking tickets. Under the circumstances, this was enough for constitutional notice purposes.

the matter."). But it does not bear on the adequacy of the notice contained on the parking ticket.

¶ 39 Two federal constitutional cases from the Sixth Circuit help frame this issue. In *Herrada v. City of Detroit*, 275 F.3d 553 (6th Cir. 2001), the plaintiff sued Detroit, claiming that its parking citations violated her due process rights because they misled her about the penalties that would be imposed if she failed to timely pay her parking fine. *Id.* at 555. The Sixth Circuit disagreed. "Although the citation and overdue notice might have contained false and misleading information regarding the penalties for failure to respond," the court reasoned, "the citation clearly states that a hearing is available to contest the City's allegation that the vehicle owner committed a parking violation," and it also "provide[s] [a] telephone number[] to call for more information." *Id.* at 557. Thus, the court concluded, any misleading information about penalties did not violate due process because "[t]he City's notices were . . . reasonably calculated to inform vehicle owners of the allegations against them and the procedures available to obtain a hearing to contest the allegations." *Id.*

¶ 40 Compare *Herrada* with *Zilba v. City of Port Clinton*, 924 F. Supp. 2d 867 (N.D. Ohio 2013)—a post-*Herrada* case in which a Sixth Circuit district court concluded that a motorist had not received adequate notice of his right to challenge his parking ticket. In *Zilba*, unlike in *Herrada*, Port Clinton "provided no phone number [to call for more information], no indication the ticket could be challenged, and no indication a recipient could request further information." *Id.* at 884. Indeed, Port Clinton's tickets "provide[d] no dates or indications a hearing [was] available." *Id.* at 883. Based on the lack of any semblance of notice, the *Zilba* court concluded that the motorist's due process rights had been violated.

¶ 41 Like the Sixth Circuit, we find it important that the parking tickets here both indicated that they could be challenged and provided a telephone number to call for more information. By including an explanation that they could be challenged, the parking tickets accomplished the core due process purpose of notice: providing adequate notice to the plaintiffs of their right to be heard. And the phone number meant that any plaintiff who was confused by the information contained on the parking tickets had a relatively easy way to acquire more information. *See Horn v. City of Chicago*, 860 F.2d 700, 705 (7th Cir. 1988) (holding that "notice of an opportunity for hearing was constitutionally

sufficient" when "[a]ny doubts [about information contained on a parking ticket] could have been resolved by contacting the Department of Revenue at the number or address listed" on the parking ticket); *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 450 (S.D.N.Y. 2004) (finding class notice constitutionally adequate in part because "the notice provided a toll-free telephone number to call for more information"). To the extent any of the plaintiffs were concerned that they would be penalized for seeking a hearing, the plaintiffs could have called the phone number on their parking tickets to ask about the possibility of a stay. But there is no allegation that any of them did so. Under the circumstances of this case, due process was not offended by the allegedly misleading statements about the schedule of penalties.

¶ 42  Finally, we do not see constitutional significance in the parking ticket's omission of the right to challenge a parking ticket in justice court as opposed to before a hearing officer. The plaintiffs have not explained how they believed they were prejudiced by having to appear before a hearing officer instead of in justice court. Absent allegations that they reasonably decided to forfeit their right to be heard based on the requirement that they appear before a hearing officer, we cannot conclude that the fact that this forum was a hearing before a "hearing officer" posed a constitutional problem.[4]

---

[4] The plaintiffs also passingly suggest that the City may have violated their due process rights because it located the hearing officers in the City's Finance Division. They argue that "the City's Finance Department hearing officers acted without statutory authority and thus lacked jurisdiction to hear parking notice challenges at all" because, according to the plaintiffs, all hearing officers must "serve as staff for the justice court"—they should not be located in the executive branch. Because the plaintiffs have failed to explain how locating the hearing officers in the Finance Division deprived them of due process, we do not consider this claim. *Cf. Ward v. Vill. of Monroeville*, 409 U.S. 57, 60–61 (1972) (To show that a hearing process poses a structural conflict of interest, the plaintiff must allege facts demonstrating that the process is such as to induce "the average man as a judge to forget the burden of proof required to convict the defendant, or which might

(cont.)

*B. The Small Claims Court Information Document*

¶ 43 We likewise conclude that the Small Claims Court Information document provided constitutionally adequate notice. The plaintiffs argue that this document was constitutionally deficient for two reasons: (1) because it misled them into believing that their only recourse to contest a hearing officer's adverse determination was to appear in small claims court—where, if they did not prevail, they would potentially be exposed to significant litigation costs and an adverse credit report; and (2) because it misled them into thinking that they could not argue that the City ordinances did not apply to their conduct of parking without paying at pay stations. We address each of these points in turn.

¶ 44 With respect to the plaintiffs' first contention, we reiterate that the core requirement of adequate notice is that it apprise a litigant of her right to a hearing. *See Nelson*, 669 P.2d at 1211; *see also Memphis Light, Gas & Water Div.*, 436 U.S. at 13. The Small Claims Court Information document satisfied this core requirement. And even though it may have overstated the consequences of failing to prevail in a challenge to a parking ticket, it did not do so in a way that undermined the plaintiffs' right to a hearing. *Cf. Williams v. Redflex Traffic Sys., Inc.*, 582 F.3d 617, 621 (6th Cir. 2009) ("[A] notice that offers the ticketed the choice between paying a $50 fine and having to pay $67.50 to challenge it offers no choice at all."). Here, a motorist who chose to settle instead of proceeding to small claims court would have concluded that the likelihood of prevailing in small claims court was not high enough to justify the risk of losing—not that the choice to proceed to small claims court was, in and of itself, irrational. This regime does not violate due process. Importantly, the plaintiffs neither allege nor argue that *requiring* them to litigate their parking tickets in small claims court would have violated their due process rights. And if the plaintiffs accept that small claims court was *a* constitutionally adequate forum, it is hard to see how a notice that only apprises them of their right to litigate their parking infraction in that forum could have violated their due process rights. *See Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1164 (10th Cir. 1999) (due process clause requires

_____

lead him not to hold the balance nice, clear, and true between the state and the accused." (citation omitted)).

"*an* adequate forum" in which to pursue a claim (emphasis added)).

¶ 45   The plaintiffs' second contention is that, even if the Small Claims Court Information document was sufficient to apprise them of their general right to a hearing, it was deficient as applied to this particular case because it told them they were only allowed to challenge their parking tickets on a limited number of legal grounds. Specifically, the document stated that

> [t]he judge will only hear evidence regarding your parking/civil notice and related violation . . . . If your complaint is regarding . . . whether or not you feel the ordinance is valid and should be changed . . . the courtroom is not the proper place for those types of complaints and will not be addressed by the judge.

¶ 46   According to the plaintiffs, this suggested that they could not press the argument that forms the basis of their class action. As the plaintiffs read this portion of the Small Claims Court Information document, it purports to bar them from arguing that their conduct of parking without paying at a pay station was not an infraction under the City Code. The plaintiffs argue that this created both a notice problem and, by "bar[ring] challenges to the validity of City ordinances and procedures, their implementation, and officers' enforcement actions," a problem with the hearing itself.

¶ 47   We are not persuaded that this portion of the Small Claims Court Information document is necessarily misleading. On a plausible reading of this portion of the document, it tells recipients that a small claims court judge will not hear evidence or arguments regarding "whether or not you feel the ordinance is valid"—i.e., it tells recipients that they may not challenge the statutory or constitutional legality of the City Code. But this is not what the plaintiffs claim they were barred from doing. Instead, the plaintiffs claim that the Small Claims Court Information document stated that they were barred from arguing that parking without paying at a multi-space pay station falls outside the ambit of the City's parking ordinances and is therefore not an infraction. But this is more an argument that the plaintiffs did not violate the City Code than it is a challenge to the validity of the City's parking ordinances. Indeed, the plaintiffs would presumably

agree that the City may validly make it an infraction not to pay for parking at a coin-operated, single-space parking meter. So we doubt the plaintiffs' contention that the Small Claims Court Information document misleadingly suggested they could not argue that their conduct was not an infraction under the City Code.

¶ 48 More importantly, the plaintiffs have not alleged that they were, in fact, misled by the Small Claims Court Information document. Quite the contrary. According to the plaintiffs' complaint, Mr. Arias did not receive this document, so he could not have been misled by it. *See supra* ¶ 8. Mr. Bivens, far from being misled by the document, actually argued to the small claims court that parking without paying at a pay station did not violate City Code. *See supra* ¶ 12. And Ms. Reed decided not to challenge her ticket in small claims court because she did not want to "risk[] the additional expenses outlined in the Small Claims Court Information document"—not because the Small Claims Court Information document misled her into thinking small claims court would not entertain a meritorious challenge to her ticket. Thus, even if there are circumstances in which it is possible to state a due process violation based on the information contained in the Small Claims Court Information document, the plaintiffs here have not alleged that the Small Claims Court Information document violated their right to adequate notice. *See Miller v. Potter*, 198 F. App'x 794, 796 (11th Cir. 2006) ("In order to show that the notice . . . violated his due process rights, Miller must show that (1) the notice was defective, and (2) he detrimentally relied upon that notice."); *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) ("[A] plaintiff must demonstrate reliance on the allegedly defective . . . notice[]."); *Noah v. McDonald*, 28 Vet. App. 120, 132 (2016) ("To prevail on his [procedural due process claim] . . . Mr. Noah must also demonstrate that he relied to his detriment on the misleading notice."); *see also Monarrez v. Utah Dep't of Transp.*, 2016 UT 10, ¶ 44, 368 P.3d 846 (Although he alleged a breach of duty, "[the plaintiff] provides no allegations of any actions taken by the . . . [d]efendants . . . that caused him harm. Thus, dismissal was proper because the allegations in the complaint fail to state a claim . . . .").

¶ 49 We conclude that the plaintiffs received constitutionally adequate notice of their right to a hearing, and that the plaintiffs

have failed to allege that the notice misled them into thinking they could not raise the basic challenge to the City's parking regime on which they have predicated their putative class action lawsuit. To be sure, the constitutional adequacy of notice is a fact-specific inquiry, and we will scrutinize notice more carefully as the stakes rise—because, as the private interest at stake becomes more and more important, so too does the cost of an erroneous decision. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (adequacy of process requires courts to balance the private interest that will be affected, the risk of erroneous deprivation through the procedures used and the probable value of additional procedures, and the State's interest).[5] But a $15 parking fine is comparatively low stakes, and the plaintiffs have failed to state a claim that the notices here did not adequately apprise them of their right to a hearing on their objections. The plaintiffs have therefore failed to state a claim for constitutionally inadequate notice under article I, section 7 of the Utah Constitution.

## II. GIVEN THE CONSTITUTIONALLY ADEQUATE NOTICE THE PLAINTIFFS RECEIVED, THE PLAINTIFFS HAVE WAIVED THEIR UNJUST ENRICHMENT AND ATTORNEY FEES CLAIMS

¶ 50 The remaining claims in this case are the plaintiffs' unjust enrichment claim and their claim that an attorney fees provision of the City Code violated their due process rights. But, given our decision to uphold the district court's dismissal of the plaintiffs' claim that they received constitutionally inadequate notice of the procedures for challenging parking tickets, these claims cannot get off the ground.

---

[5] While we do not foreclose the possibility that Utah's due process provision incorporates a standard different from the *Mathews* test, we note that both parties briefed this case to us on the assumption that *Mathews* applies in Utah. This opinion takes no position on the degree, if any, to which this test is incorporated in the due process provision of the Utah Constitution. *Cf. In re Baby Girl T.*, 2012 UT 78, ¶ 17, 298 P.3d 1251; *Certified Bldg. Maint. v. Labor Comm'n*, 2012 UT App 240, ¶¶ 17–18, 285 P.3d 831 (citing *Lander v. Indus. Comm'n*, 894 P.2d 552, 555–57 (Utah Ct. App. 1995)).

¶ 51 This is because, despite having adequate notice of the direct legal avenues for challenging their parking tickets, the plaintiffs did not exhaust their legal remedies. And this failure is fatal to both their unjust enrichment claim and their additional procedural due process claim. The doctrine of unjust enrichment—like other equitable actions—"is designed to provide an equitable remedy where one does not exist at law." *Am. Towers Owners Ass'n v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996), *abrogated on other grounds by Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC*, 2009 UT 65, 221 P.3d 234. Thus, if remedies for a wrong *do* exist at law, "[a] party invoking equity is generally required to first exhaust [the] legal remedies available." *VCS, Inc. v. Utah Cmty. Bank*, 2012 UT 89, ¶ 41, 293 P.3d 290 (internal quotation marks omitted). This is because "equitable remedies are secondary gap-fillers. They are aimed at deficiencies left after exhaustion of primary legal claims." *Id.* Accordingly, unless a party has a legitimate excuse for failing to exhaust available legal remedies, such a failure will result in forfeiture of that party's equitable claims.

¶ 52 Similar principles apply when a plaintiff argues that procedural rules—such as rules governing the apportionment of attorney fees—violate due process. Before a plaintiff may make such a claim, he or she must first challenge the application of those rules in the proceeding to which they apply. A litigant may not decline to participate in a proceeding on the basis that some of its procedural rules might not accord with due process and then challenge that same hearing process on the basis that it violated the litigant's due process rights. *Cf. Pitts v. Bd. of Educ. of U.S.D. 305*, 869 F.2d 555, 557 (10th Cir. 1989) ("By waiving his hearing, Pitts deprived the school board of the opportunity to provide him with due process, and he gave up his right to test the correctness of the board's decision."). To allow such a suit to proceed—that is, to allow litigants to forgo legal process, pay a fine, and then seek recompense based on speculation that, had they participated in the underlying lawsuit, their due process rights might have been violated—would be tantamount to authorizing an impermissible collateral attack. *Cf. State v. Hamilton*, 2003 UT 22, ¶ 25, 70 P.3d 111 ("With rare exception, when a court with proper jurisdiction enters a final judgment, including a default judgment, that judgment can only be attacked on direct appeal.").

¶ 53 These principles are fatal to the plaintiffs' remaining claims. This is because—with the exception of Mr. Bivens's one, successful challenge to one of his parking tickets—the plaintiffs did not exhaust their legal remedies. Other than his one successful challenge, Mr. Bivens never contested any of his parking tickets. Mr. Arias, likewise, never sought a hearing on his parking tickets. And, while Ms. Reed did have a friend of hers appear before a hearing officer to contest her parking ticket, she did not pursue the matter any further than that.

¶ 54 Because the plaintiffs failed to challenge their parking tickets before the hearing officers and in small claims court, the plaintiffs failed to take advantage of available legal remedies for challenging the imposition of a parking fine. Because of this failure to exhaust available legal remedies, their unjust enrichment claims accordingly fail. *VCS, Inc.*, 2012 UT 89, ¶ 41.[6] Likewise, because the plaintiffs did not participate in the small claims court proceeding, the plaintiffs have waived any due process challenge to the procedures that the small claims court might, had they participated, have employed.[7]

---

[6] We do not hold today that a plaintiff's complaint must affirmatively plead exhaustion of legal remedies in order to state an unjust enrichment claim. Here, the plaintiffs' own allegations make out all of the elements of the affirmative defense that the plaintiffs failed to exhaust their legal remedies. A district court may dismiss a cause of action under rule 12(b)(6) of the Utah Rules of Civil Procedure where, as here, "the complaint shows on its face the existence of an affirmative defense." *Tucker v. State Farm Mut. Auto. Ins. Co.*, 2002 UT 54, ¶ 8, 53 P.3d 947 (quoting *Cavanagh v. Cavanagh*, 489 N.E.2d 671, 673 (Mass. 1986)).

[7] The plaintiffs also claimed they were entitled to recover the fees they paid to park. In our view, however, if the plaintiffs believed they were not legally required to pay to park, their proper recourse was to decline to pay and then challenge any ticket they received using the procedures outlined on the parking violation notice and in the Small Claims Court Information document. There may be circumstances in which we would not require this procedure. But here, the consequences of refusing to pay to park are comparatively minor, the costs of challenging a

(cont.)

**CONCLUSION**

¶ 55 The plaintiffs in this suit seek to state a claim that the City unjustly enriched itself. They also allege violations of article I, section 7 of the Utah Constitution, contending that the City deprived them of constitutionally adequate notice of their rights to a hearing and set up an unconstitutional hearing process in connection with the assessment of parking fines.

¶ 56 We first conclude that they failed to state a claim for inadequate notice under the Utah Constitution. Although the parking ticket and Small Claims Court Information document were misleading in certain respects, the plaintiffs have not stated a claim for constitutionally inadequate notice of their right to challenge their parking tickets, including their right to argue that parking without paying at a multi-space pay station was not an infraction under the former City Code.

¶ 57 Because they received constitutionally adequate notice of their right to a direct hearing, the plaintiffs do not have a sufficient excuse for their failure to use that process to challenge their parking tickets. Their failure to exhaust those available legal remedies means that they cannot have recourse to equitable causes of action—such as unjust enrichment—to seek disgorgement of their fines. Similarly, because they failed to participate in the available proceedings to challenge their parking tickets, they cannot now complain that their due process rights would have been violated by procedural rules that the court might hypothetically have applied in those proceedings, had the plaintiffs taken advantage of them.

¶ 58 We affirm the district court's order dismissing the plaintiffs' complaint.

––––––––––––

ticket comparatively slight, and there is no well-pleaded indication that the City was doing anything other than attempting to provide more efficient services to its citizens. In this circumstance, if the plaintiffs wanted to claim the City's parking-fee scheme is unlawful, it was incumbent upon them to decline to pay and then challenge the ticket issued to them.